**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wuhu Fashang Trading Co., | ) |
|                            Plaintiff, | ) Case No.: 23-cv-03226 |
| v. | ) |
| Tim Mei Trade & Investment Ltd., | ) |
|                            Defendants. | ) |

## Complaint

**NOW COMES** Plaintiff Wuhu Fashang Trading Co. ("Plaintiff"), by and through its undersigned counsel, and hereby brings this action against Tim Mei Trade & Investment Ltd. ("Defendant") and alleges as follows:

### Introduction

1. This action is filed by Plaintiff to obtain determinations that: (i) Plaintiff does not infringe any valid or enforceable claim of U.S. Patent No. D943,337 (the "'337 Patent"); and (ii) the '337 Patent is invalid and unenforceable. A true and correct copy of the '337 Patent is attached as **Exhibit 1**.

### Parties

2. Plaintiff is a Chinese limited company with its principal place of business in Wuhu, China.

3. Defendant is a Chinese limited company with, on information and belief, its principal place of business in Kowloon, Hong Kong.

### Jurisdiction and Venue

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 100, et seq. and 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

5. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because defendant, through its wrongful enforcement of the '337 Patent against Plaintiff on the Amazon.com platform, has caused Plaintiff's sales of a certain food grill product into Illinois to cease. Prior to Defendant's wrongful enforcement of the '337 Patent against the product, Plaintiff enjoyed sales of the product into Illinois, however once Defendant wrongfully enforced its '337 Patent against Plaintiff's product through Amazon.com's infringement reporting function, Plaintiff's sales of the product into Illinois has ceased. Defendant has committed and is committing tortious acts in Illinois and this Judicial District, and caused Plaintiff injury in Illinois, including through the wrongful prevention of Plaintiff's continued sales and shipments of its product into Illinois and this Judicial District.

7. Based on Defendant's actions there exists an actual substantial controversy between the parties with adverse legal interests such immediacy and existence so to warrant a declaratory judgment.

## Plaintiff's Business

8. Plaintiff is registrant of and operates the Amazon.com storefront 4YANG Store through which is sells various consumer products, including kitchenware. One product Plaintiff sold, a common "hot pot" food grill, was designated with Amazon Standard Identification Number (ASIN) B083L9Z4S5 (the "Product") shown below:

 

9. The Product was sold by multiple Amazon.com sellers, including Plaintiff. Plaintiff first sold the Product publicly at least as early as January 22, 2020. A true and correct copy of Plaintiff's early sales records of the Product, and illustrative material used in the Product's Amazon.com listing, is attached hereto as **Exhibit 2**. On information and belief, the Product was first available for sale publicly on Amazon.com at least as early as January 8, 2020 and Plaintiff has sold more than 2,400 units thereof.

### Defendant's Wrongful Acts

10. Defendant owns all right, title, and interest in the '337 Patent.

11. On March 31, 2023, Plaintiff received a notification from Amazon that an infringement complaint had been issued against the Product. A true and correct copy of that complaint is attached hereto as **Exhibit 3**.

12. On information and belief, Plaintiff caused the March 31, 2023 notice to be provided to Amazon.com and used to prevent Plaintiff from selling the Product.

13. Since on or about March 31, 2021, Plaintiff has been prevented from selling the Product on the Amazon.com platform, including into Illinois.

14. Defendant's wrongful enforcement of the '337 Patent has and continues to cause harm to Plaintiff by interfering with Plaintiff's ability to sell Products.

15. Defendant's conduct and accusations of infringement raise an actual case or controversy between the parties.

## Count I - Declaratory Judgment of Invalidity

16. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 15.

17. The '337 Patent includes a single claim to the ornamental design for a "GRILL AND HOT POT" as shown and described in the '337 Patent.

18. On information and belief, grill and hot pot products exhibiting the same features as those disclosed and claimed by the '337 Patent, including the Product, were on sale, sold, or described in one or more printed publications prior to the priority date of the '337 patent rendering the '337 patent invalid under one or more of 35 U.S.C. §§ 102, 103.

19. Additionally, or in the alternative, the drawings of the '337 Patent are indefinite.

20. Only solid lines may be used to identify the subject matter of the claimed design.

21. Dashed (or broken) lines cannot form the subject matter of the claimed design.

22. Many of the drawings in the '337 Patent includes lines that at some points appear to be solid lines, but at other points appear to be dashed (or broken) lines.

23. Due to the indefinite nature of the '337 Patent's drawings, it is not possible to discern the proper scope of the ornamental design purportedly claimed in the '337 Patent.

24. The '337 Patent is invalid under 35 U.S.C. § 112 at least for failing to distinctly set forth the subject matter of the invention.

25. Additionally, or in the alternative, the '337 Patent is invalid under 35 U.S.C. § 171 because the design of the purported invention is primarily functional, rather than ornamental.

**Count II - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 25.

27. Defendant has engaged in acts which violate Illinois law including, without limitation through, in the course of business, disparaging the goods, services, or business of another by making a false or misleading representation of fact.

28. Defendant made a false and/or misleading statement of fact to Amazon.com when it represented to Amazon.com that the Product infringed the '337 Patent.

29. Plaintiff has been damaged by Defendant's representations at least insofar as Plaintiff has been prevented from selling the Product on Amazon.com.

30. On information and belief, each time a company submits an infringement complaint to Amazon, like Defendant did, Amazon maintains a record of that complaint.

31. On information and belief, Amazon does not rank the complaints or reconsider the merits of the complaints in the event that they are determined, such as by a court, to be unfounded.

32. On information and belief, if a seller like Plaintiff receives too many complaints, Amazon will permanently revoke its ability to sell on Amazon and may liquidate the seller's remaining funds.

33. On information and belief, if a seller's ability to sell on Amazon is revoked, it loses all of its reviews and Amazon site rankings.

34. Thus, even if a seller like Plaintiff relaunches a product that had been complained of, but for example, a court had determined that the complaint was unfounded, the seller will have to rebuild its ranking which is extremely difficult to do.

35. Due to Defendant's wrongful complaint, Plaintiffs' Amazon seller's profiles have been permanently damaged, and Plaintiff's Amazon.com seller account is at further risk of being revoked.

36. Plaintiff is entitled to injunctive relief, damages, costs, and attorney's fees.

**Count III - Tortious Interference with Prospective Economic Advantage**

37. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 36.

38. Beginning in January 2020, Plaintiff had a business relationship with Amazon.com wherein Plaintiff was permitted to sell the Product on the Amazon.com platform.

39. Between January 2020 and March 2023, Plaintiff sold on average Products through the United States and into Illinois.

40. Plaintiff reasonably expected that it would continue to sell the Product on the Amazon.com platform.

41. Defendant was aware of the business relationship Plaintiff, and other who were selling the Product on Amazon.com, had with Amazon.com, and knew that Plaintiff, like all other selling the Product, expected to continue to sell the Product on Amazon.com.

42. Defendant willfully, intentionally and unjustifiably induced Amazon to terminate Plaintiff's expectancy of continued Sales of the Product on Amazon.com by making false claims of patent infringement against Plaintiff.

43. Plaintiff has suffered damages as a result of Defendant's wrongful conduct at least insofar as Plaintiff has been prevented from selling products through Amazon.com, has lost sales, and its seller reputation has been damaged due to Defendant's tortious actions.

**WHEREFORE**, Plaintiff prays that this Court enter an Order granting the following relief on the claims herein against Defendant:

A. A declaration that the claim of the '337 Patent is invalid;

B. A declaration that the '337 Patent is void and unenforceable;

C. Declaring that Plaintiff is the prevailing party and that this is an exceptional case, awarding Plaintiff its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285;

D. Awarding Plaintiff damages for the injury it suffered due to Defendant's wrongful enforcement of the '337 Patent;

E. Permanently enjoining Defendant and all those acting in concert or participation with it from attempting to enforce the '337 Patent and/or contacting third-parties to remove Plaintiff's or third-parties' products as infringing the '337 Patent;

F. Awarding Plaintiff its reasonable attorneys' fees and costs under 815 ILCS § 510/3;

G. Awarding Plaintiff such other and additional and equitable relief as the Court deems just and proper.

Dated this  May 22, 2023

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
*Counsel for Plaintiff*