

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Wuhu Fashang Trading Co.,

    *Plaintiff,*

v.

Tim Mei Trade & Investments Ltd.,

    *Defendant*

No. 23 CV 3226

Judge Lindsay C. Jenkins

### Order

Plaintiff Wuhu Fashang Trading Co. ("Wuhu") filed this suit against Defendant Tim Mei Trade & Investments, Ltd. ("Tim Mei"). The heart of the allegations concern U.S. Design Patent No. D943,337 ("'337 patent"), which is held by Tim Mei. [Dkt. No. 1 at ¶ 1.] Wuhu seeks declaratory judgment relief (Count I) and brings two state law claims for violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510) (Count II) and Tortious Interference with Prospective Economic Advantage (Count III). [Dkt No. 1.]

Before the Court is Tim Mei's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Because the contacts between Tim Mei and the State of Illinois are insufficient to confer personal jurisdiction, the motion to dismiss is granted [Dkt. No. 11] and all other motions are terminated as moot.

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. The party asserting jurisdiction has the burden of proof. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010); *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). Since this is a patent case, the Court applies the law of the Federal Circuit in determining whether to exercise personal jurisdiction over a defendant. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).

Personal jurisdiction comes in two forms: general and specific. General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A defendant is subject to general jurisdiction only where its contacts with the forum state are so substantial that it can be considered "constructively present" or "at home" in the state. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011). There is no dispute that Tim Mei has no substantial and continuous presence in Illinois, and thus the Court lacks general jurisdiction over it.

To establish specific jurisdiction, the Federal Circuit uses a three-factor test: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017). Since Wuhu seeks declaratory relief, such a claim arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008). This requires "some enforcement activity in the forum state by the patentee." *Id*. For instance, a patentee who sends infringement notice letters to an entity doing business in the forum state and travels there to discuss the alleged infringement satisfies the minimum contacts requirement, as does a patentee who enters into an exclusive licensing agreement with an entity in the forum state. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018)

Wuhu's complaint states the following with respect to jurisdiction: ". . . this Court may properly exercise personal jurisdiction over Defendant because defendant, through its wrongful enforcement of the '337 Patent against Plaintiff on the Amazon.com platform, has caused Plaintiff's sales of a certain food grill product into Illinois to cease. Prior to Defendant's wrongful enforcement of the '337 Patent against the product, Plaintiff enjoyed sales of the product into Illinois, however once Defendant wrongfully enforced its '337 Patent against Plaintiff's product through Amazon.com's infringement reporting function, Plaintiff's sales of the product into Illinois has ceased." [Dkt. No. 1, ¶ 6.]

Relying on the declaration of Yeung Yuen Fung, Tim Mei asserts that it has not directed any enforcement action toward Illinois. [Dkt. No. 12 at ¶¶ 8-9.] For its part, Wuhu does not dispute this; rather, it maintains that specific jurisdiction arises from Tim Mei's "filing of the infringement complaint with Amazon" on Amazon's dispute platform in Washington state, which resulted in lost sales including in Illinois. [Dkt. No. 18 at 1.]

Whether a defendant's contacts with Amazon's patent enforcement measures amounts to extra-judicial enforcement activity sufficient to establish personal jurisdiction was squarely addressed in *SnapRays, LLC v. Lighting Defense Group, LLC*, 22-cv-403, 2022 WL16712899 (D. Utah Nov. 4, 2022). There, defendant's relevant contacts with the forum state of Utah consisted of responding to a email from the plaintiff that originated from Utah; accepting an invitation for a phone conference from the plaintiff that originated in Utah; and initiating a dispute resolution procedure with Amazon in Washington, a process that prompted Amazon to contact the plaintiff in Utah. *Id*. at *1. The Court held these contacts were "not an extra-judicial enforcement activity in Utah that can give rise to personal jurisdiction

in Utah." *Id.* at *4. In so holding, the Court distinguished the very cases Wuhu cites in its brief, namely, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed.Cir.2008) and *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).

In *Radio Systems Corp. v. Accession, Inc.*, the Federal Circuit declined to follow *Dudnikov*, noting that *Dudnikov*, a Tenth Circuit Case, was at odds with *Avocent*. *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011) (declining to follow *Dudnikov's* "bank shot" theory). *Avocent* "distinguished *Campbell Pet* on the ground that in that case, the extrajudicial enforcement activities occurred within the forum state." *Id.*

Though not binding, the Court agrees with the conclusion reached in *SnapRays* – jurisdiction must be based on intentional conduct directed at the forum state, and enforcement action directed at Amazon in Washington simply does not give rise to personal jurisdiction. The Complaint does not allege that Tim Mei directed any intentional conduct toward Illinois, *see* Dkt. No. 1, ¶¶ 10-15, such as, for instance, an exchange of correspondence or an infringement notice letter. *Xilinx.* 848 F.3d at 1353. In this way, the Complaint alleges even fewer contacts between Tim Mei and Illinois than the defendant had with Utah in *SnapRays*. The motion to dismiss is granted.

Wuhu's other claims must be dismissed, as well. Absent a viable federal claim, the state law claims are properly dismissed due to lack of supplemental jurisdiction. *See Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) ("when the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims"). This presumption is statutorily expressed in 28 U.S.C. § 1367(c)(3), which provides for the discretionary relinquishment of jurisdiction over state claims when the claims providing original jurisdiction (here, federal-question jurisdiction) have been dismissed.

Civil case terminated.

Enter: 23-cv-3226
Date: August 3, 2023

_____
Lindsay C. Jenkins
United States District Judge